UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-227-RJC-DCK

| KEVIN JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| LABCORP, GEORGE MAHA, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for an Objection" to the Court's Order dismissing his Complaint for failure to state a claim for relief. (Doc. No. 5). For the reasons that follow, Plaintiff's Motion will be denied and dismissed.

The Court entered an Order dismissing Plaintiff's Complaint on April 20, 2012, and the Clerk of Court entered Judgment that same day. (Doc. Nos. 4; 5). Plaintiff's Motion was mailed on May 3, 2012, and filed by the Clerk on May 8, 2012. Plaintiff's Motion was thus filed within 28 days of entry of Judgment and will be treated as a motion to reconsider the Court's ruling under Rule 59(e) of the Federal Rules of Civil Procedure.[1] See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (finding that a motion to amend or alter judgment filed within 10 days of entry of judgment should be considered under Rule 59(e)).[2]

---

[1] The Federal Rules of Civil Procedure were amended to enlarge the time for filing a Rule 59 motion from 10 days to 28 days following entry of judgment. This rule was amended on March 26, 2009, and effective December 1, 2009.

[2] See MLC Auto., LLC, v. Town of S. Pines, 532 F.3d 269, 278 (4th Cir. 2008) (expressing concern that treating a motion to reconsider as a Rule 59(e) motion based on the date it was filed may no longer be appropriate in light of changes made to Federal Rule of Appellate

1

"A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) or to correct a clear error of law or prevent manifest injustice.' " Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). Relief through a Rule 59(e) motion is an "extraordinary remedy that should be applied sparingly." Id.

In Plaintiff's Motion, he does nothing more than repeat allegations from his Complaint, express disagreement with the Court's ruling and invite this Court to reach a different decision. Such a motion is improper if the motion is simply asking the Court to "rethink what the Court had already thought through-rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Plaintiff has failed to meet the requirement for relief under Rule 59(e), and his Motion will therefore be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for an Objection, (Doc. No. 5), is **DENIED**.

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

Procedure 4(a)(4). The Court noted that other circuits had recognized the appellate change but the panel recognized that they could not overrule another panel on this issue. "While we believe this approach is no longer appropriate, '[a]s a panel, we cannot overrule a prior panel' and 'are bound to apply principles decided by prior decision of the court to the questions we address.' " Id. (citing R.R. ex rel. R. v. Fairfax County Sch. Bd., 338 F.3d 325, 332 n.6 (4th Cir. 2003) (internal citation omitted).